AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>BRUCE MAKLEY<br><br>*Defendant(s)* | Case No.<br>20-mj-7024 (KMW) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 14, 2020__ in the county of __Camden__ in the _____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 18 U.S.C. Sections 2252A(a)(5)(B) and 2252A(b)(2) | See Attachment A |

This criminal complaint is based on these facts:

See Attachment B

☑ Continued on the attached sheet.

*Complainant's signature*

S/A John DeLaurentis, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: __10/14/2020__

*Judge's signature*

City and state: __District of New Jersey__   Hon. Karen M. Williams, U.S. Magistrate Judge
*Printed name and title*

CONTENTS APPROVED

UNITED STATES ATTORNEY

By: *[signature: K.M. Harberg]*

KRISTEN M. HARBERG, AUSA

Date: October 13, 2020

ATTACHMENT A

On or about August 14, 2020, in Camden County, in the District of New Jersey and elsewhere, the defendant,

BRUCE MAKLEY,

did knowingly possess a computer and three thumb drives, that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving prepubescent minors and minors who had not attained twelve years of age, such images having been mailed, or using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

ATTACHMENT B

1. I, John DeLaurentis, (the "affiant"), state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

2. At all times relevant to this Complaint, the defendant, Bruce Makley ("DEFENDANT MAKLEY") resided at 35 Dutchtown Road, Voorhees, New Jersey (the "VOORHEES RESIDENCE").

3. On August 14, 2020, I, along with other law enforcement agents, executed a federal search warrant at the VOORHEES RESIDENCE. DEFENDANT MAKLEY, his wife Alma Makley, and his step-son Paul Acello, were all present at the VOORHEES RESIDENCE at the time the search warrant was executed. Law enforcement agents informed all parties that the search warrant was being conducted in furtherance of a child pornography investigation.

4. Paul Acello was interviewed at the VOORHEES RESIDENCE during the execution of the search warrant. Paul Acello waived his Miranda rights and stated, in sum and substance, the following information in an audio-recorded statement. Paul Acello said that the only electronic devices that he used were his tablet, which never left his bedroom, and his cellphone. Paul Acello stated that he did not have a password on his tablet, and he gave law

enforcement agents the pattern lock to unlock his cellphone. Paul Acello stated that DEFENDANT MAKLEY and Alma Makley both had laptops at the house, but Paul Acello did not have access to either of them. When asked about the computer located in the basement, Paul Acello stated that it was not his, that he has never accessed it, and that the only person who used that computer was DEFENDANT MAKLEY. Paul Acello stated that there was a computer desktop and a laptop in the basement, and that the laptop was located in the electronics room. Paul Acello said that the electronics room in the basement was used by DEFENDANT MAKLEY to make circuit boards for trains. Paul Acello said that nobody in the house shared any of their electronic devices with anyone else. Paul Acello denied ever viewing any child pornography. Paul Acello's tablet and cellphone were searched on site at the VOORHEES RESIDENCE, and they were both negative for files containing child pornography.

5. Several devices were seized from the basement of the VOORHEES RESIDENCE, including one HP Pavilion Computer Tower bearing serial number KR00508749; one SanDisk 16GB Thumb Drive; one black PNY 32GB Thumb Drive, and one black and white 4GB Thumb Drive. Computer Forensic Analysts conducted an on-site preview of these items while the execution of the search warrant was underway.

6. In the meantime, DEFENDANT MAKLEY was interviewed at the VOORHEES RESIDENCE during the execution of the search warrant. DEFENDANT MAKLEY waived his Miranda rights and admitted, in sum and substance, the following information in an audio-recorded statement.

    a. DEFENDANT MAKLEY had access to the Internet and Wi-Fi at the VOORHEES RESIDENCE, and the only other person who had the Wi-Fi password was Paul Acello.

    b. DEFENDANT MAKLEY stated that he had two computers and some external thumb

    drives in the basement that belonged to him. When law enforcement agents told DEFENDANT MAKLEY that a quick, on site preview of one of the thumb drives found in the basement revealed that there were deleted files of child pornography on it, DEFENDANT MAKLEY stated that he may have downloaded the material, but he could not remember when he did so. DEFENDANT MAKLEY then stated that if child pornography files were found on his devices, then he must have obviously downloaded the files. DEFENDANT MAKELY admitted that he was the only person who used the external drives located in the basement. DEFENDANT MAKLEY stated that if any files were stored on the external drives, he would have been the person who downloaded those files, and he was 100% guilty of being the person who put those things on there.

   c. DEFENDANT MAKLEY was shown a photograph of the HP Pavilion computer that was located in the basement. DEFENDANT MAKLEY admitted that it was his computer and the he should be the only one who accessed it.

   d. DEFENDANT MAKLEY was asked if he ever purposely searched for child pornography using the Internet. DEFENDANT MAKLEY admitted that he did, and that the last time he did so was approximately one week prior to the execution of the search warrant on August 14, 2020.

   e. DEFENDANT MAKLEY stated that if looking at child pornography was a crime, then he is guilty.

7.    A full forensic analysis of the HP Pavilion Computer Tower bearing Serial Number KR00508749 was conducted. A review of the files contained on the HP Pavilion Tower revealed

4

that the item contained approximately 1,800 files of Project Vic[1] verified child abuse material.  Of these approximate 1,800 files, there are files containing 20 known victims of child sex abuse.

8.      A review was conducted of the child exploitation material discovered on this device.  The child exploitation material on this device includes numerous images of the oral and/or vaginal/anal rape of children approximately 0-1 years in age.

9.      A full forensic analysis of the SanDisk 16GB Thumb Drive was conducted. A review of the files contained on the SanDisk 16GB Thumb Drive revealed that the item contained approximately 41 files of Project Vic verified child abuse material.

10.     A review was conducted of the child exploitation material discovered on this device.  The files of child exploitation include the oral and/or anal/vaginal rape of prepubescent children, approximately between the ages of 5 and 11 years old.

11.     A full forensic analysis of the black PNY 32GB Thumb Drive was conducted.  A review of the files contained on the black PNY 32GB Thumb Drive revealed that the item contained approximately 9,000 files of Project Vic verified child sex abuse material. Of these approximate 9,000 files, there are files portraying 18 known victims of child sex abuse.

12.     A review was conducted of the child exploitation material discovered on this device. The files of child exploitation include oral and/or anal/vaginal rape of prepubescent children, approximately between the ages of 3 and 12 years old, and numerous photos of a child, approximately 1-2 years old, engaged in fellatio with a dog.

13.     A full forensic analysis of the black and white 4GB Thumb Drive was conducted. A review of the files contained on the black and white 4GB Thumb Drive revealed that the item

---

[1] Project Vic is a collaborative effort between law enforcement, industry, and non-governmental organizations, who works with the National Center for Missing and Exploited Children (NCMEC) to create an ecosystem of information and data sharing between domestic and international law enforcement agencies to help identify victims of Child Sex Abuse

contained multiple videos of child female genital mutilation.

14. Based on my education, training and experience, and discussions with other law enforcement officers, and to the best of my knowledge, the videos and images described herein were transmitted, received and possessed in interstate and foreign commerce and were transmitted, received, and possessed using any means and facility of interstate and foreign commerce, including by computer.

15. In light of my training and experience and all of the information learned by me in the course of this investigation, probable cause exists to believe that the crime of possession of child pornography has been committed, and that DEFENDANT MAKLEY is the person who committed that crime.